UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACQUELINE BIAGI,

    Plaintiff,

-vs-                                Case No. 6:05-cv-1159-Orl-18JGG

DENNY'S, INC.,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Defendant Denny's Inc.'s Motion for Summary Judgment and Supporting Memorandum of Law (Doc. 31, filed October 20, 2006) to which Plaintiff Jacqueline Biagi responded in opposition. (Doc. 35, filed November 17, 2006.) Plaintiff Jacqueline Biagi ("Plaintiff") brings this action against Defendant Denny's Inc. ("Defendant") to recover unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). After reviewing the motions and memoranda provided by each party, the Court denies Defendant's motion.

### I. BACKGROUND

Defendant is a corporation that operates company-owned restaurants across the United States. While Plaintiff has a long history as an employee of Defendant at various locations, it is approximately the last two and a half year period of her employment at Defendant's Daytona Beach location that is the subject of this suit. During this time, Plaintiff worked as a restaurant manager. Plaintiff's job duties included scheduling, ensuring the shift ran smoothly, supervising

other employees, and making sure the customers were satisfied. Plaintiff also interviewed potential employees, closed out at the end of the day, made deposits, and sent reports to the area manager. However, Plaintiff alleges that while she was supposedly employed as a manager and paid on salary, she spent fifty percent or more of her time engaged in non-managerial activities such as cooking, running a cash register, washing dishes, cleaning bathrooms, and other similar activities. In addition, Plaintiff claims she lacked the authority to make decisions regarding matters of significance.

Plaintiff claims that there were many weeks when she worked more than forty hours, but was not compensated at the overtime rate (one and one-half times the regular rate) for the hours in excess of forty a week. Based on this claim, Plaintiff initiated this action against Defendant, asserting that Defendant violated the overtime provisions of the FLSA. (Doc. 1, filed August 5, 2005.)

## II. DISCUSSION

### A. Summary Judgment Standard

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see, e.g., Stachel v. City of Cape Canaveral, 51 F. Supp. 2d 1326, 1329 (M.D. Fla. 1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry

of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. Celotex, 477 U.S. at 323-24. A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. Celotex, 477 U.S. at 322.

*B. Fair Labor Standards Act*

The FLSA provides, in pertinent part:

Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his

> employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). Congress, in enacting the FLSA, exempted many types of employers and employees from its overtime provisions. See 29 U.S.C. § 213. The exemptions are to be narrowly construed and the burden is on the employer to show "that it is entitled to the exemption." Evans v. McClain of Ga., Inc., 131 F.3d 957, 965 (11th Cir. 1997).

Defendant asserts that the exemption for "any employee employed in a bona fide executive . . . capacity" applies in this action. 29 U.S.C. § 213(a)(1). The task of defining "executive" for purposes of this exemption is delegated to the Secretary of Labor. See id. The Secretary of Labor recently revised the FLSA's implementing regulations, effective August 23, 2004. 29 C.F.R. Pt. 541. However, since Plaintiff's employment ended in December 2003, before the new regulations went into effect, the Court applies the former regulations and interpretations. See Bagwell v. Fla. Broadband, LLC, 385 F. Supp. 2d 1316, 1322 (S.D. Fla. 2005).

Under the former regulations, an employee is considered to be "employed in a bona fide executive . . . capacity" if he or she is

> compensated on a salary basis at a rate of not less than $250 per week . . . and whose primary duty consists of the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision

thereof, and includes the customary and regular direction of the work of two or more other employees therein . . . .

29 C.F.R. § 541.1(f) (2003).[1] The prior regulations explain that "[a] determination of whether an employee has management as his primary duty must be based on all the facts in a particular case." 29 C.F.R. § 541.103 (2003). While "[t]he amount of time spent in the performance of managerial duties is a useful guide in determining whether management is the primary duty," other significant factors include

> the relative importance of the managerial duties as compared with other types of duties, the frequency with which the employee exercises discretionary powers, his relative freedom from supervision, and the relationship between his salary and the wages paid other employees for the kind of nonexempt work performed by the supervisor.

Id.

Defendant contends that it properly classified Plaintiff as an exempt employee under the "executive" exemption. (See Doc. 31 at 1.) It is undisputed that Plaintiff received a salary above the $250 per week threshold. (See Pl.'s Resp. to Ct.'s Interrog. #5.) However, Plaintiff contends that there is a genuine dispute of material fact regarding whether Plaintiff's primary duty was management. (See Doc. 35 at 2-3.) In support of its argument that there is no issue of material fact regarding Plaintiff's primary duty being management, Defendant relies on the depositions of Plaintiff;[2] Keith Armstrong, Defendant's former area manager; and Linda

---

[1] This is referred to as the "short test" for determining whether the exemption applies. Under the old regulations, there is also a "long test" which applies to employees who are compensated on a salary basis of not less than $155 per week. See 29 C.F.R. § 541.1(a)-(f) (2003).

[2] Plaintiff was deposed in December 2005 in connection with another lawsuit and was deposed as part of the present case in May 2006. (See Doc. 31 at 2.) Defendant contends that Plaintiff has

Mangano, another of Defendant's area managers. (See Doc. 31 at 2-10.) On the basis of these depositions, Defendant contends that Plaintiff spent less than fifty percent of her time on non-managerial duties, that she enjoyed relative freedom from supervision, that she disciplined and fired employees, that she handled money and ordered supplies, and that she exercised her managerial discretion to make necessary decisions for the daily operation of the restaurant. (Id. at 12-16.) Plaintiff, in response, relies on the affidavit of Brent Zablo, the general manager at the restaurant where Plaintiff was employed, and the deposition of Lovy Massey, Plaintiff's co-worker, to assert that Plaintiff spent over fifty percent of her shift performing non-managerial duties such as serving food, cooking, seating customers, and cleaning bathrooms, and that she did not have "decision-making authority over matters of significance." (Doc. 35 at 5-8.) In addition, Plaintiff asserts that neither Armstrong nor Mangano actually worked at the same restaurant as Plaintiff and did not personally observe Plaintiff at work. (Id. at 3.)

As there are disputes regarding the percentage of time Plaintiff spent performing managerial duties, the relative importance of those duties in comparison to her other duties, her relative freedom from supervision, and the extent of her discretionary powers, there is a genuine dispute of material fact as to whether Plaintiff's primary duty was management. Accordingly, Defendant is not entitled to summary judgment.

---

provided inconsistent testimony on the amount of time she spent performing non-managerial duties, originally testifying that she spent ten to twenty percent of her time on non-managerial tasks and later testifying that she spent fifty percent of her time on non-managerial tasks. (See id. at 12.) Plaintiff contends that her different responses refer to different shifts because there were times when she came in to work solely as a cook, not as a manager. (Doc. 35 at 11.)

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this _26_ day of February, 2007.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties